UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK J. BRIGLIADORA,

    Plaintiff,

v.                               Case No. 8:10-cv-01944-EAK-TGW

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

This cause is before the court on Defendant's Notice of Removal (Doc. 1). This Court reviewed Defendant's Notice of Removal (Doc. 1), Plaintiff's Complaint for Damages (Doc. 2), Plaintiff's Motion for Remand (Doc. 11), and response thereto (Doc. 14). For the reasons set forth below, this Court denies the Motion to Remand.

### I.    BACKGROUND

On August 2, 2010, Plaintiff filed a Complaint for Damages (Doc. 2) against Defendant. Plaintiff alleges in Count 1 of the Complaint that Defendant reduced Plaintiff's credit limit without a proper appraisal of the collateral, which is required by Federal Reserve Board Regulation Z, 12 C.F.R. §226 (Doc. 2, p. 2). Furthermore, Plaintiff alleges in Count 2 of the Complaint that Plaintiff is entitled to statutory damages in the amount of twice Plaintiff's finance charge pursuant to Defendant's violation of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.* (Doc. 2, p. 3).

Following the filing of Plaintiff's Complaint, Defendant filed a Notice of Removal (Doc. 1) from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida based on

Defendant's belief that this Court has original jurisdiction over the case under federal question, diversity, and supplemental jurisdiction (Doc. 1, p. 1-4). Plaintiff responded to Defendant's Notice of Removal by filing a Motion to Remand (Doc. 11) claiming that this Court does not have jurisdiction over the case because the amount in controversy does not exceed seventy-five thousand dollars ($75,000), which is required among other things to establish diversity jurisdiction (Doc. 11, p. 1-8).

## II. DISCUSSION

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, United States district courts have original jurisdiction over all civil actions that arise under United States law. When United States district courts have original jurisdiction over a civil action that is brought in a State court, the defendant is permitted to remove the civil action to the United States district court unless otherwise expressly provided by Act of Congress. 28 U.S.C. § 1441. The "well-pleaded complaint rule" guides the district court in its determination. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Specifically, the "well-pleaded complaint rule" states that federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Thus, this rule allows the plaintiff to avoid federal jurisdiction by relying exclusively on state law. *Id.*

In this case, although Plaintiff's Count 1 is entitled "Breach of Contract," traditionally a State law claim, Plaintiff's allegation is that Defendant violated Federal Reserve Board Regulation Z, a United States law. Furthermore, Plaintiff clearly states under Count 2 that he is entitled to statutory damages under the TILA, a United States law. In other words, under both Count 1 and Count 2, Plaintiff's Complaint plainly asserts on its face that Defendant violated United States law, not state law. Consequently, this United States District Court has original

jurisdiction over this case pursuant to 28 U.S.C. § 1331, and Defendant is permitted to remove this case from the State court to this United States District Court.

### B. Supplemental Jurisdiction

According to 28 U.S.C. 1367(a), when a district court has original jurisdiction over a civil action, the district court may also exercise supplemental jurisdiction over all other claims that are so related to the claim in the civil action that grants the district court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As stated in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), the district court only has supplemental jurisdiction when federal and state claims "derive from a common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." Courts have found that a "loose factual connection may be sufficient to confer supplemental jurisdiction, so long as those facts are both common and operative. *Skanes v. Ameriquest Mortg. Co. (In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.)*, 2007 U.S. Dist. LEXIS 70805 (N.D. Ill. Sept. 24, 2007) (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)).

The core of Plaintiff's Complaint in this case is Count 2, which asserts that Defendant violated the TILA. As mentioned above, this claim confers federal jurisdiction to this Court because of the federal question involved in determining the outcome of the case. Therefore, even if Count 1 was found to be devoid of federal question jurisdiction, which is incorrect as discussed above, this Court is permitted to exercise jurisdiction over the claim in Count 1 because it is so closely related to Plaintiff's TILA claim in Count 2. Because both of Plaintiff's Counts stem from actions by Defendant regarding Plaintiff's credit limit that are alleged to be in

violation of United States laws, this Court believes Plaintiff's claims derive from a common nucleus of operative fact.

A federal court may decline to exercise supplemental jurisdiction over a claim arising under 28 U.S.C. 1367(a) when one of the following four circumstances arises: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claims which the district court has original jurisdiction over, (3) the federal court dismissed all of the original claims that the district court had original jurisdiction over, or (4) there is an exceptional compelling reason to do so. This Court does not find that any of the situations above are present in this case. Hence, this Court chooses to exercise supplemental jurisdiction over all Plaintiff's claims.

### C. Diversity Jurisdiction

Because Count1 and Count 2 of Plaintiff's Complaint establish federal jurisdiction based on federal question and supplemental jurisdiction, there is no need for this court to address the issue as to whether or not the requirements of diversity jurisdiction were satisfied pursuant to 28 U.S.C. § 1332.

### III.   CONCLUSION

As stated previously, the face of Plaintiff's Complaint clearly asserts that Defendant violated United States laws and that Plaintiff is entitled to remedies as a result of such violations. Because Plaintiff seeks to recover from Defendant's violation of United States laws, federal question issues are present that this Court is entitled to resolve under 28 U.S.C. § 1331. Furthermore, this Court is permitted to exercise, and does so exercise, supplemental jurisdiction over any claims that are so closely related to the claim falling under the original jurisdiction of

this Court that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, it is

    **ORDERED** that Plaintiff's Motion to Remand (Doc. 11) be **DENIED**.

    **DONE AND ORDERED** in Chambers, in Tampa, Florida this 4th day of March, 2011.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies furnished to:

All Parties and Counsel of Record