UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK J. BRIGLIADORA,

    Plaintiff,

v.                                Case No. 8:10-cv-01944-EAK-TGW

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss (Doc. 6). This Court reviewed Defendant's Motion to Dismiss (Doc. 6), Plaintiff's Complaint for Damages (Doc. 2), and Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 13). For the reasons set forth below, this Court grants the Motion to Dismiss, but in so doing also grants the Plaintiff leave to amend his complaint.

I.    BACKGROUND AND PROCEDURAL HISTORY

On May 19, 2008, Plaintiff entered into a Prime Equity Line of Credit Agreement (the "Agreement") with Defendant (Doc 2, p. 1, ex. A). Plaintiff then received a letter dated April 28, 2010, from Defendant stating that Plaintiff's credit limit was being lowered "due to a substantial decline in the value of the property securing the account" (Doc. 2, p. 2, ex. B). Furthermore, the letter states that Plaintiff "may request reinstatement" by contacting Defendant at a specific phone number or address if Plaintiff believes Defendant's reduction decision to be in error (Doc. 2, p. 2, ex. B). Following this, Plaintiff, through his undersigned counsel, sent a letter dated May

1

21, 2010, to Defendant requesting reinstatement of the prior credit limit because Plaintiff found the appraisal summery sheet deficient, incomplete, and inaccurate (Doc. 2, p. 2, ex. C).

Because Defendant has failed to reinstate or begin the process of restoring Plaintiff's credit limit to its original amount, Plaintiff has filed a Complaint for Damages (Doc. 2) against Defendant (Doc. 2, p. 2). Plaintiff alleges in Count One of the Complaint that Defendant reduced Plaintiff's credit limit without a proper appraisal of the collateral, which is required by Federal Reserve Board Regulation Z, 12 C.F.R. §226 (Doc. 2, p. 2). Plaintiff asserts that Defendant's continual refusal to reinstate Plaintiff's credit limit to its original amount is a breach of the Agreement, Regulation Z, and Defendant's letter dated April 28, 2010 (Doc. 2, p. 2). As a result of Defendant's alleged breach of the Agreement, Regulation Z, and Defendant's letter dated April 28, 2010, Plaintiff alleges that he has suffered and continues to suffer financial harm (Doc. 2, p. 2).

Additionally, Plaintiff alleges in Count Two of the Complaint that Plaintiff is entitled to statutory damages in the amount of twice Plaintiff's finance charge pursuant to Defendant's violation of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.* (Doc. 2, p. 3).

## II.   STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). The trial court is required to accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)). In considering a motion to dismiss, the court limits its considerations to the pleadings and exhibits attached thereto. *GSW, Inc. v. Long Co., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). To survive a Rule 12(b)(6) motion, a

plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. In other words, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, Rule 8(a) does not require "detailed factual allegations," but it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusations" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As stated in *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010), courts should follow the suggestion of the Court in *Iqbal* and apply a "two-pronged approach" when considering a motion to dismiss by applying the following principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

### III.  DISCUSSION

In order to overcome Defendant's Motion to Dismiss, Plaintiff's Complaint must allege factual allegations rather than mere legal conclusions. Therefore, this Court will focus its attention on Plaintiff's well-pled factual allegations and disregard Plaintiff's legal conclusions as suggested in *Iqbal*. *Id.*

#### A. Count One

In Count One of Plaintiff's Complaint, Plaintiff alleges that Defendant reduced Plaintiff's credit limit without a proper appraisal of the collateral, which is required by Federal Reserve

Board Regulation Z, 12 C.F.R. §226 (Doc. 2, p. 2). Plaintiff asserts that Defendant's continual refusal to reinstate Plaintiff's credit limit to its original amount is a breach of the Agreement, Regulation Z, and Defendant's letter dated April 28, 2010 (Doc. 2, p. 2). As a result of Defendant's alleged breach of the Agreement, Regulation Z, and Defendant's letter dated April 28, 2010, Plaintiff alleges that he has suffered and continues to suffer financial harm (Doc. 2, p. 2).

These allegations by Plaintiff are legal conclusions that require factual support. Plaintiff fails to state in his Complaint why Defendant's decision to reduce Plaintiff's credit limit was error. Even within Plaintiff's letter dated May 21, 2010, Plaintiff only notifies Defendant that Plaintiff believes Defendant's decision is incorrect because the appraisal summary sheet is deficient, incomplete, and inaccurate. Plaintiff fails to support these allegations in his letter or Complaint with factual details that provide the grounds of his entitlement to relief. In other words, Plaintiff has not provided any facts or reasons that explain why Plaintiff believes Defendant's actions were in error. A mere statement that Defendant acted wrongfully without well-pled facts supporting the statement is deemed a legal conclusion by this Court, and, thus, it will not be recognized by this Court because it does not meet the requirements to survive a motion to dismiss.

Furthermore, Plaintiff claims that he has suffered and continues to suffer financial harm as a result of Defendant's actions, or lack thereof. Nowhere in Plaintiff's Complaint or attached exhibits is there any discussion as to how Plaintiff has been injured by Defendant's behavior. Consequently, this Court views this statement by Plaintiff as a legal conclusion lacking factual support, which is unacceptable under the current standards.

### B. Count Two

In Count Two of Plaintiff's Complaint, Plaintiff alleges that he is entitled to statutory damages in the amount of twice Plaintiff's finance charge pursuant to Defendant's violation of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.* (Doc. 2, p. 3). This statement by Plaintiff lacks supporting facts, such as what specific actions taken by Defendant have resulted in Plaintiff's belief that he is entitled to these statutory damages. Once again, this Court requires plaintiffs to provide more than mere legal conclusions to withstand a motion to dismiss, and because Count Two of Plaintiff's claim is a legal conclusion unsupported by well-pled factual allegations, this Complaint will not suffice as it currently stands.

### IV. CONCLUSION

Plaintiff cannot simply submit a Complaint with the attached Agreement to this Court and allege a violation of the Agreement without identifying Defendant's actions or inactions that constitute a material breach of the Agreement and how Plaintiff has been harmed because of Defendant's actions or inactions. Therefore, because Plaintiff's Complaint fails to provide sufficient well-pled factual allegations and asserts unsupported legal conclusions, this Court finds Plaintiff's Complaint insufficient to meet the current pleading standards required in Rule 8(a)(2), *Twombly*, and *Iqbal*. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 6) be **GRANTED**. Plaintiff has up to and including March 28, 2011, to file an amended complaint or this case will be dismissed and closed. The parties shall file a Case Management Report within thirty days of the filing of the amended complaint.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 17th day of March, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies furnished to:

All Parties and Counsel of Record

6